(No. 3932—)

WILLIAM W. STUENKEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1946.*

*Petition of claimant for rehearing denied September 14, 1946.*

H. C. STRAUSCHILD, for claimant.

GEORGE F. BARRETT, Attorney General, for respondent.

WM. L. MORGAN, Assistant Attorney General, of counsel.

DAMRON, J.

This complaint was filed on the 26th day of September 1945, seeking an award under the provisions of the Workmen's Compensation Act. On October 4, 1945, the respondent, through its Attorney General, filed a motion to dismiss the complaint, based on the premise that it appeared on the face of said complaint that the cause of action was barred by the statute of limitations. Before the motion to dismiss had been passed upon by this Court, the claimant, by authority of Rule 14 of this Court, filed an amended complaint on October 27, 1945, which complied with the rules of this Court and cured the objection raised by the respondent in reference to the statute of limitations. This Court, at the November 1945 term, denied the motion of the Attorney General to dismiss this claim.

The record as completed, now consists of the following: complaint, motion of respondent to dismiss, the statement, brief, and argument, notice to call up motion to dismiss, motion of claimant to dismiss or overrule respondent's motion to dismiss, amendment to complaint, opinion of this Court denying motion to dismiss the complaint, evidence on behalf of claimant and waiver of brief and argument of both claimant and respondent.

On February 27, 1946 the evidence was taken of claimant in support of the amended complaint. At that time, a stipulation was entered into by and between the parties which is in words and figures as follows:

"We can agree that William W. Stuenkel was employed by the Division of Highways on July 5, 1944 as a section foreman; that on that date an accident and injury occurred; that the Division of Highways and the employee are operating subject to the Workmen's Compensation Act; that notice and demand were made as provided by the Workmen's Compensation Act; that the petition herein was filed within two years of the date of the accident as provided by law; that his salary, exclusive of overtime, for the preceding year was $1,170.85;

that the Claimant was forty-five years old at the time of the accident, was married and had no children under the age of sixteen dependent on him for support.

It is also stipulated by and between the parties hereto that the departmental report shall stand as the evidence of the respondent in this case."

It is to be noted that the original complaint in this case was filed by claimant on September 26, 1945 and the amendment to the complaint was filed on October 27, 1945. The amendment to the complaint alleges, "that during said time claimant attempted to perform his duties and during part of said time he was not able to perform his duties and for the remainder of said four months he was not able to fully perform his duties because of the condition of his hand; that during said time, with knowledge of claimant's injury and without denial of liability, claimant was paid his full salary which said payments claimant regarded as compensation for his injury."

During the course of examination of claimant, the following questions were propounded to him on direct examination:

"Q—You returned to work right after the accident?
A—That is correct.
Q—You kept on working?
A—That is correct.
Q—Did you do your usual work?
A—I did my usual work but not as well as I could do it before."

On cross examination the following questions were propounded to claimant:

"Q—During all that time you received your full pay?
A—That is also correct."

Section 8, paragraph D of "An Act to create the Court of Claims and to prescribe its powers and duties," approved July 17, 1945, provides:

"All claims against the State for personal injuries or death arising out of and in the course of the employment of any State employee and all claims against the Board of Trustees of the University of Illinois for personal injuries or death suffered in the course of, and arising out of the employment by the Board of Trustees of the University, the determination of which shall be in accordance with the substantive provisions of the Workmen's Compensation Act or the Workmen's Occupational Diseases Act, as the case may be."

Section 24 of the Workmen's Compensation Act provides:

"* * * provided, no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, provided, that in any case, unless application for compensation is filed with the industrial commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred; * * *"

This Court has no jurisdiction to hear and determine a claim under the Workmen's Compensation Act where the claimant has failed to comply with the limitations of time of Section 24 of said Act. *Henderson* vs. *State,* 12 C. C. R. 3; *Boismenue* vs. *State,* 12 C. C. R. 36; *Chiara* vs. *State,* 12 C. C. R. 41; *Koleita* vs. *State,* 12 C. C. R. 217; *Roebuck* vs. *State,* 12 C. C. R. 236; *Scott* vs. *State,* 13 C. C. R. 163.

The above cases cited were rendered by this Court under Section 6 of the former Act of the General Assembly which was approved June 25, 1917 and repealed on June 17, 1945. Rule 6 provided as follows:

"To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the "Workmen's Compensation Act," the Industrial Commission being hereby relieved of any duty relative thereto."

It has also been repeatedly held by the Illinois Supreme Court that compliance with the provisions of

38

Section 24 of the Compensation Act is a condition precedent to the right to maintain proceedings under the Compensation Act. *City of Rochelle* vs. *Industrial Commission*, 332 Ill. 386; *Inland Rubber Company* vs. *Industrial Commission*, 309 Ill. 43; *Simpson* vs. *State*, 10 C. C. R. 394; *Baker* vs. *State*, 10 C. C. R. 111.

It was not the intention of the Legislature when the Court of Claims Act was passed and approved, July 17, 1945, to modify or amend the Workmen's Compensation Act and we hold that Section 8, paragraph D of the Court of Claims Act is to be read in conjunction with Section 24 of the Illinois Workmen's Compensation Act and a claimant is required to follow the substantive provisions of the Act to confer jurisdiction on this Court to hear and determine the claim.

The evidence shows that this claimant was injured on July 5, 1944; that claimant lost no compensable time from the date of injury until the filing of the original complaint in this case and therefore no temporary compensation was due or paid to him by the respondent.

The original complaint was filed with the Clerk of this Court on the 26th day of September 1945, more than one year subsequent to the accidental injury sustained by claimant.

This claimant having failed to comply with the provisions of Section 24 of the Act, his claim must be denied.

Claim dismissed.